IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN CHESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CV-2521-SMY |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Nathan Chester seeks judicial review of a final decision by the Commissioner of the United States Social Security Administration denying his claim for social security benefits (Doc. 2). Now pending before the Court is Chester's motion for leave to proceed *in forma pauperis* ("IFP"), without prepaying the filing fee (Doc. 3), motion for recruitment of counsel (Doc. 4), and motion for service of process at government expense (Doc. 5).

28 U.S.C. § 1915 authorizes a federal district court to allow an indigent plaintiff to proceed in a civil action without prepaying the filing fees if the plaintiff submits an affidavit of poverty stating that he or she is unable to afford the fees. 28 U.S.C. § 1915(a)(1). The statute also requires the Court to scrutinize a Complaint filed by an indigent plaintiff and to dismiss it if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Chester submitted an affidavit indicating that he has no income or savings and owes $17,000 in student loans (Doc. 2). Based on this information, the Court is satisfied that he is

indigent within the meaning of § 1915(a)(1) and that the $400.00 filing fee would present a significant hardship on him. Further, the Court does not find the claims asserted in the Complaint to be frivolous. Accordingly, the Motion to Proceed *in forma pauperis* without prepayment of fees or costs (Doc. 3) is **GRANTED**.

Pursuant to Fed. R. Civ. P. 4(c)(3), Chester's Motion for Service of Process at Government Expense (Doc. 5) is **GRANTED**. The Court **DIRECTS** the Clerk of Court to prepare and issue, for each named defendant, Form AO 440, Summons in a Civil Action, to Plaintiff and enclose blank USM-285 forms for each named defendant. If Plaintiff wishes the United States Marshals Service to serve process in this case, he shall provide the Summons issued, the appropriately completed USM-285 forms and sufficient copies of the Complaint for service to the United States Marshals Service. The Court **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from Plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of Summons, Complaint and this order upon the defendant in any manner consistent with Federal Rule of Civil Procedure 4, as directed by Plaintiff. Costs of service shall be borne by the United States.

Finally, with respect to Chester's motion for recruitment of counsel (Doc. 4), civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Id.* at 654-655. Here, Chester asserts that he terminated his initial lawyer. He has not demonstrated, however, that he has made reasonable attempts to secure alternative counsel. Accordingly, Chester's motion for recruitment of counsel

(Doc. 4) is **DENIED without prejudice**. If Chester chooses to renew his request, he should submit **rejection letters from at least 3 attorneys** to demonstrate that he has made reasonable efforts to obtain counsel on his own.

    **IT IS SO ORDERED.**

    DATED:  November 15, 2022

                                             **STACI M. YANDLE**
                                             **United States District Judge**